April Term, 1883.

## ALSOBROOK v. WATTS.

1. An exception, in the nature of argument, is not in proper form.
2. In the absence of any showing to the contrary, it will be assumed that the receiver of an estate has been authorized to institute proceedings to have a judgment made a lien.
3. The validity of an entry of satisfaction endorsed on an execution issued in 1872 on a judgment of that date, may be adjudicated under a summons to show cause (under the act of 1873, 15 *Stat.* 498,) why the judgment should not be made a lien and a new execution issued thereon, and, the return being found insufficient, the court may grant the prayer of the summons.
4. The statute having prescribed no time within which such summons may be issued, the courts cannot fix any limit.
5. The unauthorized entry by the sheriff upon an execution to the effect that it had been satisfied by a release given by the plaintiff to a co-surety of defendant, does not give currency to the statute of limitations in defendant's favor.
6. It cannot affect this proceeding that the defendant here was not a party to an action in which the pretended release was set aside.

Mr. Justice McIver *dissenting.*

---

Before Wallace, J., Chesterfield, September, 1881.

The opinion makes a full statement of the brief, excepting the Circuit decree, which was as follows:

As to the first ground of objection by defendant, the case of *Moore* v. *Edwards*, 1 *Bailey* 25, seems to be decisive. In that case the court held that it was competent for the court, under a *sci. fa.* to renew execution, to hear testimony in explanation of an entry of satisfaction on the *fi. fa.*, and to vacate the entry if satisfied it ought not to be there. Under our present practice, a summons is substituted for the *sci. fa.*, and under the summons the court would exercise the same jurisdiction as under a *sci. fa. Lawrence* v. *Grambling*, 13 *S. C.* 127.

Was the issuing of the summons in this case delayed until the plaintiff lost the right under the statutes to renew his judgment? In *Lawrence* v. *Grambling*, 13 *S. C.* 126, the court says: "Neither the provisions of sections 306 and 307 of the code, nor those of

section 15 of the act of 1873, prescribe any limit to the time within which a motion for leave to issue an original execution, or to revive one whose active energy has expired, must be made, and it must be concluded that any party having a judgment at the adoption of the code, or at any time since, can, on motion for leave, issue an execution, whatever might be the lapse of time since the entry of the judgment, provided it is not satisfied of record, or by lapse of time." The right to proceed under the act of 1873 to constitute a judgment obtained in 1872, a lien, before such judgment has been levied, seems to be equally unlimited in point of time as the right to issue executions. The proviso of section 14 of the act of 1873 relates to judgments that constitute liens. The judgment here has never been made a lien by levy or otherwise.

The defendant insists that the entry of satisfaction on the execution was a transaction in a public office that gave currency to the statute of limitations, and that the plaintiff is barred. It appears that the entry was made by the sheriff; that in point of fact there was no satisfaction. There is no evidence that either plaintiff or defendant had actual notice of the entry, or that the sheriff had any authority to make it. This state of facts will not give currency to the statute of limitations. As to the principle involved, see *Miller* v. *Alexander,* 1 *Hill Ch.* 25.

The administrator, F. L. Alsobrook, having been displaced by order of the court, and W. A. Evans having been appointed receiver of the estate, has, by leave of the court, the legal right to control this judgment, and, therefore, it is competent for him to institute these proceedings. Whoever has control of a judgment by transfer, either actual or by operation of law, has the right of the original plaintiff.

It is ordered that the judgment entitled F. L. Alsobrook, administrator, against Thomas H. Watts, do constitute a lien upon such real estate as is of the estate of Thomas H. Watts, deceased, and that it be revived, and that plaintiff have leave to issue and renew execution thereon.

*Mr. R. E. Allison,* for appellant.

*Mr. M. J. Hough,* contra.

July 25th, 1883. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. F. L. Alsobrook, administrator of the estate of Willis W. Alsobrook, deceased, obtained separate judgments against Elizabeth P. Alsobrook, the widow of the intestate, Townley Redfearn and Thomas H. Watts, on a note given by said Elizabeth for purchases at the sale of the estate, with the other parties named, and one Bevins, as her sureties. The judgments were for $10,466.87 each, besides costs, and were obtained in September, 1872. A short time after these judgments were rendered, Townley Redfearn obtained a release under seal of the judgment against himself from the administrator, and the sheriff endorsed satisfaction on the execution issued thereon, appending a copy of the release thereto, and on the execution against Watts he endorsed the following statement: " Returned to the clerk's office satisfied, except the costs. See release attached to execution in favor of same plaintiff v. Townley Redfearn for same cause of action, 7th of March, 1873."

The execution, however, was never returned to the clerk's office but was retained in the sheriff's office.

On August 15th, 1874, proceedings were instituted by summons, and complaint to open the entry of satisfaction on the Townley Redfearn judgment, and to set up the same against Redfearn. To these proceedings F. L. Alsobrook, Elizabeth Alsobrook, Townley Redfearn and Thomas H. Watts were made parties defendant, but before the cause was heard by the Circuit Court, Watts died, and his administratrix was never made a party until after the adjudication. The complaint demanded that the entry on the Redfearn execution should be adjudged fraudulent and void, but no reference was made to entry on the Watts *fi. fa.* This proceeding was successful as to Redfearn. Subsequently an order has been obtained to make the personal representatives of Thomas H. Watts parties, and it is stated that the cause has not yet ended, but to what extent it is still open and for what purpose does not appear. See *Alsobrook* v. *Alsobrook,* 14 *S. C.* 170.

W. A. Evans having been appointed receiver of the estate of Willis W. Alsobrook, instituted the present proceeding in 1881, by summons served upon Rose J. Watts, as administratrix of

Thomas H. Watts, to show cause why the said judgment against Thomas H. Watts should not be made a lien on the estate of said Watts, and a new execution issued to enforce the same. The judgment was obtained in 1872, when, under the law then existing, judgments had no lien, and this proceeding was instituted under the act to provide a lien in such cases. The summons required the administratrix to show cause at the next ensuing term of the court for Chesterfield county.

The administratrix appeared and resisted the motion upon the following grounds: 1. "That the entry of satisfaction in the case could not be annulled under a proceeding by summons or upon motion. 2. And if it can, the time within which it must be done had elapsed before notice of the motion was served. 3. That the motion to renew is barred by the statute of limitations, the entry of satisfaction having been made more than six years before service of summons. 4. That W. A. Evans, the receiver of the estate, cannot proceed under the statute to renew, he not being the plaintiff in the execution."

Judge Wallace, who heard the motion, overruled the objections of the respondent to the summons, and ordered "that the judgment in question do constitute a lien upon such real estate as is of the estate of Thomas Watts, deceased; that it be revived, and that plaintiff have leave to issue and renew execution thereon."

From this order Rose J. Watts, administratrix, has appealed.

1. "Because, in the proceedings instituted in the Circuit Court to open the entry of satisfaction made on the judgment of Townley Redfearn, neither Thomas H. Watts nor his administratrix were parties.

2. "Because the entry of satisfaction on the judgment against Thomas H. Watts cannot be annulled under a proceeding by summons to show cause, or upon a mere motion as in this case.

3. "Because, if such right exists, the time in which to do so under the statute had passed, and it was too late to start the proceeding when the notice of the motion was given in this case.

4. "Because the right to open or annul the entry and endorsement of satisfaction on this judgment was barred by the statute of limitations more than six years after the entry of satisfaction

thereon, and before legal notice of these proceedings having expired.

5. "Because W. A. Evans, the receiver, has no right in this informal way to annul the entry of satisfaction, he not being the plaintiff in the judgment, and more especially as the plaintiff,. F. L. Alsobrook, and Thomas H. Watts, the defendant, have not been made parties.

6. "Because the Circuit judge has erred in finding, as matter of fact, that there is no evidence that either plaintiff or defendant had actual notice of the entry of satisfaction, or that the sheriff had any authority to make it, for this question of fact could only be determined after said persons had been properly made parties.

7. "Because the fact is, that this entry of satisfaction having been made in a public office and placed on the judgment, and suffered to remain there on record for more than six years, and until after the death of Thomas H. Watts, the evidence may be said to be conclusive that plaintiff and defendant, and the sheriff, had the knowledge that the Circuit judge, in the order aforesaid,. held they did not have."

It may not be improper to state that this last ground is more in the nature of argument than exception. The object of exceptions is to present distinct propositions of law or fact, as the case may be, in which error is claimed, and which it is desired that this court shall review, and unless this is done the exception amounts to nothing.

The questions raised and principally discussed in the argument of appellant's counsel are: First, as to the form of proceeding, and, second, as to the bar of the statute of limitations. The right of W. A. Evans, as receiver, to institute the proceeding,. though made a ground of appeal, is not questioned in the argument, and we suppose, therefore, that it has been abandoned. But whether this be so or not, we can see no legal objection to the receiver's right in this respect. As receiver, he no doubt was authorized to collect the assets of the estate, and was invested with all the power necessary to that end; at least, in the absence of all showing to the contrary, we must assume this to be the fact, and, therefore, must hold that there was no error in the ruling of the Circuit Judge as to this point.

The matter as to the form of the proceeding presents a more serious question, and is really the question in the case. Under the code, as originally adopted, final judgments did not of themselves constitute a lien on either the real or personal estate of the judgment debtor. This remained the law until the act of 1873 (15 *Stat.* 498), which amended the previous act so as to give liens to such judgments, and with the view to place judgments which had been obtained before this last act upon the same footing with those obtained afterwards, this act further provided that in cases where judgments had been obtained after the 1st day of March, 1870, (the day of the approval of the code,) a like lien may be obtained by the service of a summons upon the judgment debtor, or, if he be dead, upon his executors or administrators, to show cause, if any he or they may have, why said judgment should not be and become a lien in accordance with the provisions of this act, and if no sufficient cause be shown to the contrary, such judgment shall be and become a lien on all the real property of the judgment debtor. *Lynch Code* 313.

Here seems to be express authority for the proceeding below. By this act, a summons to show cause is the statutory mode, and the only mode known to the law to effect the end desired by the plaintiff. This act seems to anticipate that the debtor might be able to show some cause why the judgment should not have the lien, and the object of the summons is to allow him an opportunity to present it. But why permit this, if, the moment his cause is presented, the judge is ousted of jurisdiction? The language of the act is " that if no sufficient cause be shown to the contrary," of course, in response to the rule, " such judgment shall be and become a lien." * * * Who is to determine as to the sufficiency of the showing, but the judge before whom the summons may be returnable?

The act does not confine the debtor in his response to the summons to any special cause which alone may be considered and adjudged by the court, but leaves the cause open, only limited by the term " sufficient." The debtor may return payment, release, or any legal objection to the judgment accruing after the original determination. If this be not the proper construction of the act, what could have been its purpose and

intent? If the court, under the summons, is not authorized to judge and determine the sufficiency of the cause, and must stop whenever any cause is seriously urged, and remit the parties to an action by regular summons and complaint, the act would be useless, and the remedy provided therein an idle ceremony, barren and fruitless.

Independent of the analogy suggested by the Circuit judge arising from the old proceeding by *sci. fa.* to revive judgments as found in the case cited by him, (*Moore* v. *Edwards,* 1 *Bailey* 24,) we think that by the express terms of the act providing a remedy in cases of this kind—a remedy to meet an evil which, without this act, was remediless—the form of proceeding adopted here was the proper and only mode within the reach of the plaintiff. This judgment had no lien. The act under which he proceeded was the only law by which he could obtain lien, and the mode prescribed was the only mode which he could have adopted. There was no error, therefore, in the Circuit judge overruling the objection of appellant.

We do not see the pertinency of plaintiff's exceptions as to the time within which the motion to have the lien of the judgment established should be made under the statute, nor to the fact that neither Thomas H. Watts, nor his administratrix, Rose J. Watts, were parties to the action against Townley Redfearn. The act of the general assembly, under which the plaintiff was proceeding, fixes no limit to the privilege therein provided, and for this court to assume to do so would be judicial legislation. As to the second objection, even if it be true that these persons were not made parties, how does that fact affect this proceeding? It may or may not have been necessary to have the Watts estate represented in the action against Redfearn, and that question might probably have been well raised in that action, but this is a proceeding independent of that, and has no necessary dependence upon the question of parties there.

The appellant interposes, lastly, the statute of limitations, insisting that the entry of satisfaction on the *fi. fa.* became a part of the record, and having remained in a public office from September 21st, 1872, until the spring of 1881, that this gave

2K

currency to the statute, and that the plaintiff was barred. In reply to this, Judge Wallace said : " That it appears that the entry was made by the sheriff when, in point of fact, there was not satisfaction. There is no evidence that either the plaintiff or defendant had actual notice of the entry, or that the sheriff had any authority to make it. This state of facts will not give currency to the statute of limitations. As to the principles involved, see *Miller* v. *Alexander*, 1 *Hill Ch.* 25."

We have seen nothing in the brief to conflict with the facts as found above by Judge Wallace, and we concur in the legal principle which he applied to these facts. The entry by the sheriff on the Watts execution seems to have been an entry of his legal conclusion drawn from the transaction between F. L. Alsobrook and Redfearn and endorsed on the Watts execution of his own motion, without any authority, as far as we can see, from any of the parties. It was, therefore, the sheriff's unauthorized act, and wholly outside of his duty or powers. It was, in fact, the act of a stranger, and could not give currency to the statute of limitations as to the parties interested.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE MCGOWAN. I concur. An entry of satisfaction without authority is a nullity, and may be entirely disregarded. The plaintiff may proceed as if there was no such entry, taking the risk of showing that such entry was without authority. If that does not appear, the proceeding may be dismissed as premature; but if it does so appear, the matter must be considered precisely as if no such entry had ever been made.

MR. JUSTICE MCIVER. I dissent. To constitute a sufficient foundation for a proceeding like this there must be a judgment apparently open and unsatisfied. In response to a summons to show cause why such a judgment should not be made a lien, the defendant may show for cause that although the judgment appears upon its face to be open and unsatisfied, yet, in fact, it has been paid or otherwise extinguished. But when the so-called judgment, which it is attempted to make a lien, shows upon its

face that it is satisfied, it can no longer be regarded as a judgment, for payment or satisfaction extinguishes a judgment. When, therefore, as in this case, a summons is issued to make an alleged judgment a lien, which bears upon its face an entry of satisfaction—is satisfied of record—there is no foundation for the proceeding, as the very record which the plaintiff brings before the court as a judgment shows upon its face that it is no longer a judgment, but it has been extinguished by satisfaction. The plaintiff shows himself out of court. It seems to me, therefore, that before the plaintiff was entitled to have the so-called judgment in this case made a lien, it was necessary for him, by proper proceedings, to have the entry of satisfaction vacated, so that the record, which he brought before the court as a judgment, asking to have it made a lien, should not bear upon its face the evidence that it was no longer a judgment.

It is true that the Circuit judge says, in his decree, that this proceeding was taken to vacate the entry of satisfaction as well as to renew the execution and make the judgment a lien; but this is obviously a mistake, for, in the agreed statement of facts contained in the "Case," all that is said is, that it was "a summons to show cause why the said judgment should not be made a lien on the estate of Thomas H. Watts, deceased, and a new execution issued to enforce the same;" and the correctness of this statement is fully borne out by an inspection of a copy of the summons furnished us at the argument here (as it was agreed might be done), from which it appears that the defendant was not called upon to show cause why the entry of satisfaction should not be vacated. For aught that appears, the respondent below, who is appellant here, may have been taken by surprise when, at the hearing in the Circuit Court, the proceedings in the case of *Alsobrook* v. *Redfearn*, which were clearly incompetent as *res inter alios acta*, were introduced to show that the entry of satisfaction ought to be vacated.

Judgment affirmed.

A petition was filed for a rehearing of this case, but the court, by its order filed December 8th, 1883, refused the petition, stating that the alleged errors had already been gravely and

earnestly considered by the court; and, further, that the issue before the court being the right of the plaintiff to revive the execution in the manner proposed, nothing had been adjudged upon the subject of payments and compromises which, in the petition, were alleged to have been made.